UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL  ACTION #

_____

T. K. with and through her parents
G.K and V.K

V.
Town of Barnstable, Barnstable Public Schools,
Patrick Clark, Principal of the Barnstable
 High School, personally and in his
Official Capacity, Superintendent
Meg Mayo-Brown, personally and
in her Official Capacity
_____

## COMPLAINT  AND  DEMAND  FOR JURY  TRIAL

1.       This is an action seeking redress for the denial of equal educational opportunity,

violation of civil rights, and severe physical, emotional and psychological harm caused by the

defendants. The defendants at all times acted intentionally and/or with deliberate indifference in

their failure to properly supervise and oversee students, as well as their failure to properly

investigate disclosures of T.K.'s significant emotional injury, sexual assaults and rape by a

known juvenile criminal on school property, Falvio Desantos, and was  bullied by students. The

defendants further acted intentionally and/or with deliberate indifference in their failure to

properly and adequately respond to the disclosure of T.K.'s, harassment, bullying, lack of

services, and failure to provide services to her to address the educational, social and emotional

harms she suffered as a result of the defendants actions and non-action.

2.       The plaintiffs seek relief pursuant to 42 U.S.C. § 1983, 29 U.S.C. § 794,  Mass. Gen.

L. c. 12 § 11(I), 42 U.S.C. § 12131, 20 U.S.C. § 1681, Mass. Gen. L. c. 258 § 2, Mass. Gen. L.

c. 93 § 102, Mass. Gen. L. c. 214 § 1C, Massachusetts common law and the Constitutions of the United States and the Commonwealth of Massachusetts.

## PARTIES

3.     The plaintiff, G.K, is an adult resident of Barnstable, Massachusetts. G.K. is the Father of the minor T.K, and brings this action individually and as the next friend of T.K.

4.     The plaintiff, V.K., is an adult resident of Barnstable, Massachusetts. V.K is the mother of the minor child, T.K, and brings this action individually and as the next friend of T.K.

5.     During all relevant periods, the plaintiff, T.K. was a minor student attending the Barnstable Public Schools and a resident of Barnstable, Massachusetts.

6.     The defendant, Barnstable School Committee ("the School Committee"), is the civil entity responsible for operating and governing the public schools in the Barnstable District, T.K. was a student during all or a portion of the times relevant to this action. The Barnstable School District ("District") is a recipient of federal financial assistance, including federal financial assistance provided to the District's schools and specialized education programs. The School Committee operates in, Barnstable Massachusetts and operates under color of state law and federal law. Defendant School Committee, acting through its members, and through the Superintendent of schools and/or other agents of the School Committee, personally participated in and/or directed actions which they knew or reasonably should have known violated plaintiff's constitutional, civil and personal rights.

7.      The defendant, the Town of Barnstable Massachusetts ("Barnstable"), is the civil entity that oversees the activities of the Barnstable School Committee. Barnstable is located in the Eastern District of Massachusetts, and operates under color of state law. Defendant Barnstable, acting through its School Committee and through the Superintendent, and/or other agents of the School Committee, personally participated in and/or directed actions which they knew or reasonably should have known violated Plaintiff's constitutional and civil state and federal rights.

8.      The defendant, Superintendent, Meg Mayo-Brown is an adult residing in the Commonwealth of Massachusetts. She was and remains employed by Barnstable and the School Committee as the Superintendent of the Barnstable School District and, as such, operated under color of state law at all times relevant to this action. During the period pertinent to this Complaint, Defendant superintendent was acting within the scope of her authority as an employee of Barnstable and the School Committee. As Superintendent, Mayo-Brown  was the individual primarily responsible for and/or supervised others who were responsible for formulating and implementing policies and ensuring that the School Committee followed the law, including, but not limited to, equal access to education and equal treatment for all students, and was the ultimate authority and decision-maker of the School Committee. Superintendent, Mayo-Brown personally participated in and/or directed actions which she knew or reasonably should have known did violate T.K.'s rights under the United States Constitution and Massachusetts state law. She is being sued individually and in her official capacity as Superintendent of Schools.

9.      The defendant, Patrick Clark  is an adult residing in the Commonwealth of Massachusetts based upon reasonable belief,  he was and remains employed by Barnstable and the School Committee as the school principal of the Barnstable High School in the Barnstable School District and, as such,  responsible to oversee the welfare of students in the Barnstable High School and had immediate responsibility for the implementation of policies and procedures of the school, including ensuring that the Barnstable High School complied with legal requirements under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504") the American with Disabilities Act, MGLc71 s 370, MGLc 71B, MGLc12 s111 and  State and Federal laws against Bulling and Abuse and is required to see that all students can reach their full potential pursuant to MGLc 69 Section1. As Principal, Clark has the personal responsibility and authority to oversee the welfare of students in his School and had immediate responsibility for the policies and procedures of the school. Clark did personally participate in and did direct actions intentionally that he knew, or reasonably should have known violated T.K.s and her family's rights under the United States Constitution, Federal Law and Massachusetts state law. Principal Clark is sued in both his individual and official capacities.

## JURISDICTION AND VENUE

10.      Jurisdiction of this court is invoked under the provisions of Sections 1331 and 1343(3) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States, Section 794 of Title 29 of the United States Code and Section 12132 of Title 42 of the United States Code.

11.        Pursuant to Section 1367(a) of Title 28, this court has pendant jurisdiction over

the plaintiffs' state law claims for violations of the Massachusetts Civil Rights Act, Mass.

Gen. L. c. 12 § 11(I), Mass. Gen. L. c. 258 § 2, and Mass. Gen. L. c. 231 § 85X.

12.        Venue properly lies in this judicial district pursuant to Section 1391 of Title 28

of The United States Code as the claims arose in this judicial district.


## STATEMENT  OF  FACTS


13.        During the 2014-2105 school year, T.A. was in the 8th grade which was in the

Barnstable High School. Barnstable High School grades run 8th grade to 12th grade.


14.        On or about November 1, 2014, T.A. was raped by a 10th grade male student,

Falvio Desantos,   with a known history of violence and assaults.  The rape occurred in the

Barnstable High School.


15.        The rape suffered by T.A. on or about November 1, 2014 did case  severe

emotional trauma on an ongoing basis.


16.        T.A., due to the severe trauma she suffered, did not go to school staff or her

parents to report the rape.

17.        When the Barnstable High School staff discovered the rape they did nothing to provide proper or effective supports to T.A.

18.        The Barnstable School District failed to put in place any services to deal with the clear effects of T.A.'s severe emotional injury even when requested by her treating psychologist and parents.

19.        The primary perpetrator of the rape and harassment of T.A. is well known to the Barnstable School District and has an extensive juvenile criminal record.  Barnstable's actions and non-actions to permit Falvio Desanto to attend the Barnstable High School as a known criminal, clearly endangered T.A. and other students.

20.         Falvio Desantos was also involved the sale of drugs in the high school which he did induce T.A. to take which did involve numerous intensive types of drugs.

21.        School records and family reports from T.A.'s eighth grade identified an observable shift in T.A.'s hyper focus on social interactions peer dynamics which began to severely impact her ability to progress academically.

22.        School records also show attendance and conduct issues starting in the eighth grade through the end of the school year due to T.A.'s trauma, fear of the other students and the perpetrator of the rape and how she was being perceived by school staff and students.

23.        Due to the trauma suffered by the rape T.A. started to use alcohol and marijuana daily during the eighth grade.

24.        Principal Patrick Clark was fully aware of the criminal behaviors of Falvio Desantos and was personally responsible for his continued attendance in the Barnstable High School to the detriment of T.A.

25.        Principal Patrick Clark was fully aware of the history of criminal behaviors of Falvio Desantos and the pending criminal charges and the fact that Falvio Desantos was on probation for other criminal cases yet continued to allow Falvio Desantos to attend Barnstable High School.

26.        Principal Patrick Clark was aware that following the sexual encounter with Falvio Desantos he became personally aware that T.A.'s peer group and other students in the school began to reject her, call her names, and sexually proposition her. These actions did occur in person, via social media, and cell phone to T.A.

27.        Given the emotional trauma and behavior escalations the parents went to the Barnstable school district on numerous occasions seeking services which they were denied however during the ninth grade year Barnstable did place T.A. in a day program for behavior disturbed and academically impaired children in Plymouth, the Plymouth Area Collaborative.

28.         The Plymouth Area Collaborative has no services or programs past 2:30 in the

afternoon Monday through Friday therefore there was no support or help available to T.A. and

she did continue to spiral down emotionally.


29.         Due to the ongoing trauma, T.A. did poorly at Pilgrim Academy and continued to

run and use drugs which Barnstable was aware of but did nothing to support or assist T.A.


30.         The parents went to juvenile court, in Barnstable, and filed a CRAWL previously

called a CHINS seeking help and due to the severity of  T.A.'s issues, Barnstable Juvenile Court

placed her at GRACE House, a 90 day drug treatment center.


31.         T.A. completed the 90 day residential drug treatment program, at Grace House,

and Grace House provided a written recommendation along with T.A.'s personal therapist that

she have a residential therapeutic program due to her multi-level issues but Barnstable refused

and did no evaluation themselves.


32.         Given Barnstable's refusal to provide the required 24 hour services and that T.K.

will be dumped, at her parent's home, hours before the parents can be home from work,

Barnstable knowingly endangering T.K. as she will be left alone for some 5 hours daily and

Barnstable has done nothing to treat her severe trauma.


33.         The District failed in their mandated duty, under MGL c. 71B, to assess the

effects of this injury on T.K.'s academic, social, and emotional functioning as it was clear from

T.K.'s lack of ability to attend school and function and that the injury was affecting her ability to function in the regular school setting.  The District failed to put in place any services to deal with the clear effects of T.A.'s injury even when requested by her treating psychologist and parents. The District for the balance of 2014 school year ignored her needs to T.K's detriment.  The District clearly displayed ongoing deliberate indifference, animus, gross misjudgment, and lack of concern for T.A.'s well-being.  A school district, in Massachusetts, owes the student under their care an absolute duty to provide all children an education so they have the ability to reach their full potential but clearly Barnstable ignored that duty as to T.K. and her detriment.

34.        It is clear that the District's actions and non-actions have caused not only the initial injury to T.K but almost every day of every week since then the District's failure have injured T.K. and denied her access to FAPE pursuant to the IDEA, MGL c. 71B, MGL c. 69s1, ABA, 29 USC 794, 603 CMR 49, MGLc. 71 s 370.  The District's staff, by their failures, continually put T.K. in danger and jeopardy. This is compounded by the Districts failure to properly notify the Barnstable Police Department of the numerous violations of the criminal code by the aggressor who raped T.K. These actions and non-actions clearly violated the Town of Barnstable own "Bullying Plan" which did endanger T.K.

35.        The neglect of T.K. by the District staff has caused her to suffer severe emotional distress as well as physical distress.  The damages which T.K.  has suffered are the direct and proximate result of actions and inactions of the Town of Barnstable,  and Barnstable Public Schools, High School Principal, by their failure to supervise or negligent supervision of school staff and students and for their knowing acceptance and allowing the ongoing harassment,

bullying, assaulting, and beating and rape of T.K., their knowingly institution of a grossly

negligent and ineffective education for T.K., and the arbitrary, capricious removal of programs

and services to which T.K was entitled to her detriment.


36.        The parents of T.K., as a result of the mistreatment of their daughter, lack of

proper services and protections for their daughter, and their ongoing struggle with the District

and staff to put even the basic protections and services in place has caused them to suffer

emotional and financial distress, costing them thousands of dollars, in medical and educational

services, which were required for T.K..  Further, these acts of discrimination are a clear violation

of the rights of individuals with disabilities under the Massachusetts Law and Federal law.


37.         The Defendants, based on their actions and non –actions, were clearly arbitrary

        and capricious that extends beyond mere violations of the state law and were egregious

        and extreme as not only the services owed to the plaintiff but to all children under their

        authority.


38.     The Barnstable School Committee's  obligations to provide all children in Barnstable as

        reflected by state law and regulations where students can meet their potential

        academically, and emotionally clearly do not apply to students with disabilities needs as

        such are selectively discriminated against by the Barnstable Public Schools based is

        constitutionally impermissible.

39.     The actions and non-actions of the Barnstable Public School's conduct was extreme and

outrageous as to the treatment of T.K. and her parents, and did inflict emotional distress

and should have known or intended, or knew that their conduct would cause emotional

distress, and that their conduct caused emotional distress and that the distress was severe.


**COUNT I**
**VIOLATION OF TITLE IX**
Town of Barnstable, Barnstable Public Schools

40.     The plaintiff incorporates each and every allegation and averment set forth in paragraphs

1 through 39 as fully set forth herein.


41.     Defendant town of Barnstable and the Barnstable public school system is in receipt of

federal funding.


42.     On or about November 2014 the Barnstable public schools and the town of Barnstable by

and through its employees and agents new that T.K. was raped and assaulted in the Barnstable

high school by Falvio Desantos.


43.     During the 2014- 2015 school year defendant Barnstable public schools in town of

Barnstable learned that Falvio Desantos on multiple occasions sexually harassed, intimidated,

introduced drug use, humiliated T.K. in the Barnstable high school on an ongoing and regular

basis.

44.     The sexual harassment perpetrated on T.K. by Falvio Desantos was severe, pervasive and objectively offensive and caused T.K. to be deprived of educational opportunities and/or benefits.

45.     At all times relevant hereto Falvio Desantos was under the disciplinary authority of the Barnstable public schools and town of Barnstable.

46.     Despite knowing of the sexual harassment, intimidation, rape of T.K.  the defendant town of Barnstable and the Barnstable public schools failed to remove Falvio Desantos from the high school and/or failed to limit his ability to interact with T.K; failed to adequately supervise Falvio Desantos; failed to adequately monitor Falvio Desantos; but failed to initiate any reasonable measures to protect T.K. from Falvio Desantos.

47.     By its aforesaid failures Barnstable high school and the town of Barnstable acted with deliberate indifference to the harassment, sexual assaults, intimidation, such that it's lack of response was clearly unreasonable in light of the known circumstances.

48.     The deliberate indifference of the town of Barnstable and the Barnstable high school left T.K. vulnerable for further sexual exploitation, harassment, intimidation, embarrassment and was a direct and proximate cause of the subsequent acts of sexual assault, intimidation, harassment and embarrassment committed by Falvio Desantos upon T.K.

49.     As a direct and proximate result of the acts of omission of the town of Barnstable and the Barnstable public schools T.K. separate severe emotional distress, physical injuries, harassment, harassment, and intimidation.

### COUNT  II
### Negligence
Town of Barnstable and the Barnstable Public School

50.     The plaintiffs incorporate each and every allegation and averment set forth herein paragraphs 1 through 49 of this complaint as though fully set forth herein.

51.     The defendants town of Barnstable and the Barnstable public schools did have a duty to exercise reasonable care to protect students including T.K. while attend the Barnstable high school and other town services programs and facilities.

52.     By having a public school district in the town of Barnstable and in creating a high school and therefore accepting valuable consideration from the taxpayers the town of Barnstable public schools and the town of Barnstable assume the duty to exercise care and to protect students from harm including T.K.

53.     During the 2014 – 2015 school year and the 2015 –2016 school year defendants town of Barnstable and the Barnstable public schools breached their duty of care to protect T.K. from harm including but not limited to, failed to supervise students with a known criminal history while in the public school district; failed to provide sufficient staff members to adequately supervise students with a known criminal history while in the public school system, failing to establish sufficient safeguards to prevent sexual harassment within the public school system that

he knew or should have known was occurring, failing to effectively reasonably supervise Falvio Desantos to ensure that he would not have access to T.A. or other students.

54.    As a direct and proximate result of the town of Barnstable and the Barnstable public schools negligence T.K. and her parents suffered severe emotional distress.

**COUNT  III**
**NEGLIGENCE**
Defendants Patrick Clark and Meg Mayo-Brown

55.    The plaintiffs incorporate each and every allegation and averment set forth herein paragraphs 1 through 54 of this complaint as though fully set forth herein.

56.    The defendants Patrick Clark and Meg Mayo-Brown did have a duty to exercise reasonable care to protect students including T.K. which attend the Barnstable high school facilities.

57    By having a public school district, Patrick Clark and Meg Mayo-Brown employees assume the duty to exercise care and to protect students from harm including T.K.

58.    During the 2014 – 2015 school year and the 2015 –2016 school year defendants Patrick Clark and Meg Mayo-Brown breached their duty of care to protect T.K. from harm with its breaches including but not limited to, failed to supervise students with a known criminal history while in the public school district; failed to provide sufficient staff members to adequately supervise students with a known criminal history while in the public school system, failing to establish sufficient safeguards to prevent sexual harassment within the public school system that

he knew or should have known was occurring, failing to effectively reasonably supervise Falvio

Desantos to ensure that he would not have access to T.A. or other students.

59.     As a direct and proximate result of the Patrick Clark and Meg Mayo-Brown negligence

T.K. and her parents suffered severe emotional distress.

## COUNT  IV
## Violation of 29 USC section 794
Town of Barnstable, Barnstable Public Schools, Patrick Clark and Meg Mayo-Brown

60.     The plaintiffs incorporate each and every allegation and averment set forth herein

paragraphs 1 through 59 of this complaint as though fully set forth herein.

61.     At all times relevant to this complaint the plaintiff T.K. was a handicapped person due to

the emotional trauma and distress and was qualified to complete her education requirements and

participate in the high school with reasonable accommodations and supports.

62.     Defendants intentionally failed to provide T.K. with reasonable accommodations for her

emotional handicaps and trauma which she was legally entitled to while she was attending

Barnstable high school.

63.     As a result of the failure of the defendants to provide her with reasonable

accommodations and supports to which she was legally entitled to the plaintiff T.K. was denied

the benefits of and or subjected to discrimination under the defendants educational program by

reason of her handicap created by the horrific sexual assaults and emotional trauma she has

suffered.

64.     As a direct and proximate result of the defendant's conduct the plaintiff has suffered severe emotional distress, mental anguish, loss of enjoyment of life, loss of dignity and other nonpecuniary losses and intangible injuries.

## COUNT  V
## Violation of  42 USC section 12131

Town of Barnstable, Barnstable Public Schools, Patrick Clark and Meg Mayo-Brown

65.     The plaintiffs incorporate each and every allegation and averment set forth herein paragraphs 1 through 64 of this complaint as though fully set forth herein.

66.     At all times relevant to this complaint the plaintiff T.K. was a handicapped person due to the emotional trauma and distress and was qualified to complete her education requirements and participate in the high school with reasonable accommodations and supports.

67.     Defendants intentionally failed to provide T.K. with reasonable accommodations for her emotional handicaps and trauma which she was legally entitled to while she was attending Barnstable high school.

68.     As a result of the failure of the defendants to provide her with reasonable accommodations and supports to which she was legally entitled to the plaintiff T.K. was denied the benefits of and or subjected to discrimination under the defendants educational program by reason of her handicap created by the horrific sexual assaults and emotional trauma she has suffered.

69.     The plaintiffs exclusion, denial of benefits, and or discrimination by the defendants was

by reason of the defendants emotional disability and trauma suffered while in Barnstable high

school.


70.     As a direct and proximate result of the defendant's conduct the plaintiff has suffered

severe emotional distress, mental anguish, loss of enjoyment of life, loss of dignity and other

nonpecuniary losses and intangible injuries.


### COUNT  VI
### Violation of  42 USC section 1983
Town of Barnstable, Barnstable Public Schools, Patrick Clark and Meg Mayo-Brown

71.     The plaintiffs incorporate each and every allegation and averment set forth herein

paragraphs 1 through 70 of this complaint as though fully set forth herein.


72.     The defendant T.K. has a constitutional right to the equal protection clause of the 14th

amendment to be free from discrimination, sexual harassment, intimidation and sexual assaults

based on her gender.


73.     The defendants acting under color of law subjected the plaintiff T.K. to unwelcome and

offensive sexual advances, intimidation's, assaults, harassment.


74.     But for her trying to the plaintiff would not have been subjected to such disparate

sexually offensive treatment as compared to male students.

75.     As a result of the defendant's actions and non-actions the plaintiffs suffered severe emotional distress, mental anguish, loss of dignity, intangible injuries, culinary losses, and other nonpecuniary losses.


## COUNT  VIII
### Intentional Infliction of Emotional Distress
Town of Barnstable, Barnstable Public Schools, Patrick Clark and Meg Mayo-Brown

76.     The plaintiffs incorporate each and every allegation and averment set forth herein paragraphs 1 through 76 of this complaint as though fully set forth herein.


77.     As a direct and proximate result of the green and outrageous conduct of the defendants the plaintiffs named herein suffered emotional distress and other injuries.


78.     The defendants knew or should have known that the plaintiffs named herein would likely suffer emotional distress as a result of their conduct and failures and acted with reckless disregard the likelihood that their conduct would cause such distress.


79.     The emotional distress suffered by the plaintiffs named herein with severe and of a nature that no other reasonable person could be expected to endure.


## COUNT  IX
### Negligent Infliction of Emotional Distress

Town of Barnstable, Barnstable Public Schools, Patrick Clark and Meg Mayo-Brown

80.     The plaintiffs incorporate each and every allegation and averment set forth herein paragraphs 1 through 79 of this complaint as though fully set forth herein.

81.     As a direct and proximate result of the defendant's negligence, the plaintiffs did suffer

severe emotional distress is evidenced by their behavior, complaints and objective

symptomology.


82.     Any reasonable person would have suffered severe emotional distress and trauma under

the circumstances named herein.

### COUNT  X
### Negligence under   MGL. C. 258. Section 2
Town of Barnstable, Barnstable Public Schools, Patrick Clark and Meg Mayo-Brown

83.     The plaintiffs incorporate each and every allegation and averment set forth herein

paragraphs 1 through 82 of this complaint as though fully set forth herein.


84.     The named defendants owed a duty to exercise reasonable care for the protection of T.K.

against misconduct and inappropriate conduct and or contact.


85.     The named defendants breached that duty by facilitating and failing to prevent

misconduct in inappropriate conduct and or contact in the form of hazing, sexual assault, and

intimidation that they knew or should have known was occurring.


86.     By their actions and inactions defendants caused T.K. to be subject to the harassment,

sexual assaults and intimidation as described above.

87.    As a direct and proximate result of the defendant's negligence the plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish, and invasion of bodily integrity.

## REQUESTED  RELIEF

WHEREFORE the plaintiffs claim judgment against the named defendants and each of them jointly and severally as follows:

A.  Compensatory damages in the amount warranted by the evidence at trial;

B.  Punitive damages in the amount warranted by the evidence at trial;

C.  Reasonable attorney's fees and costs incurred in this action;

D.  Such other relief as permitted by statute and as this Court shall consider to be fair and equitable.

## JURY  DEMAND

The parties hereby demand a jury on all claims and issues so triable.


Respectfully Submitted,

Plaintiffs, T.K. and G.K., and V.K.

By Their Attorney

s/s  Michael W. Turner
Michael W. Turner BBO #565820
242 Wareham Road
P.O.  Box 910
Marion Ma.02738
508-748-2362
Fax 508-748-8636


DATED:  September 17, 2017