UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL  ACTION #

_____
T. K. with and through her parents
G.K and V.K

V.
Town of Barnstable, Barnstable Public Schools,
Patrick Clark, Principal of the Barnstable
High School, personally and in his
Official Capacity

_____

## MEMORANDUM OF LAW IN SUPPORT OF REQUEST TO PROCEED ANONYMOUSLY

The Plaintiffs, do submit this memorandum of law in support of their Request to Proceed Anonymously, in connection with the above captioned matter. This case involves matters of a highly sensitive and confidential nature involving a  student T.K., and her Parents and incidents and actions in the Barnstable Public Schools. Identification of the plaintiffs poses significant risk of mental harm and anguish, as public awareness of her identity would likely subject his to scrutiny and harassment.

### I. The Court May Properly Grant Leave for the Petitioner's to Proceed Under a Fictitious Identity

Fed. R. Civ. P. 10(a) requires that a case be brought in the name of the parties. A party may proceed under a pseudonym to protect significant privacy interests, however, by seeking leave of the court. *See e.g., Doe v. Shakur*, 164 F.R.D. 359, 360-361 (S.D.N.Y. 1996). The court does not lose jurisdiction where the plaintiff files under a pseudonym.  *See EW v. New York  Blood Ctr.*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); *Doe v. Barrow County*, 219 F.R.D. 189, 191-92 (N.D. Ga. 2003). Indeed, Rule 17 provides that "no action may be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for joinder or substitution of the real party in interest." The decision to allow use of a fictitious name is within the court's discretion. *Sealed Plaintiff*, 537 F.3d at188-190 (decision to permit use of fictitious name requires district court to exercise discretion by balancing competing interests).  Moreover, the

defendants will suffer no prejudice by the granting of this motion. The plaintiffs therefore respectfully request that this Request too Proceed Anonymously be granted.

## II. The Use of a Fictitious Name in this Case is Appropriate.

Use of a fictitious name is appropriate when the plaintiff's interest in anonymity outweighs both the public interest in disclosure and any prejudice to the opposing party. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190-91 (2nd Cir. 2008). In conducting this balancing test, courts consider the following factors:

1. Whether the litigation involves matters that are highly sensitive and of a personal nature.

2. Whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or to innocent non-parties.

3. Whether identification presents other harms, and the likely severity of those harms.

4. Whether the plaintiff is particularly vulnerable to the possible harms of disclosure.

5. Whether the suit is challenging the actions of the government or of private parties.

6. Whether the defendant is prejudiced by allowing the plaintiff to press the claims anonymously, whether the nature of any prejudice differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court.

7. Whether the plaintiff's identity has thus far been kept confidential.

8. Whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity.

9. Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.

10. Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.  "Ib"

The present litigation involves matters of a sensitive a confidential nature, specifically the harm caused to the plaintiff by the actions and non-actions of the defendants to the plaintiffs.  Public

identification of the plaintiffs poses significant risk of mental harm and anguish, as public awareness of his identity is likely to result in scrutiny and harassment. To date, the plaintiff's identities have been kept confidential with respect to the public in the administrative hearings, specifically, in related proceedings before the Bureau of Special Education Appeals, T.K.'s identity and those of her parents has not been disclosed to the public. Public identification of the plaintiff poses significant risk of mental harm and anguish, as public awareness of his identity and is likely to result in scrutiny and harassment. The public's interest in knowing the identity of the plaintiffs does not outweigh T.K.'s right to privacy regarding the intimate nature of the facts of this case, and her right to be protected from further emotional harm. Indeed, anonymity in the pleadings does not foreclosure the public's access to this case, only to the identity the victim.

**WHEREFORE**, the plaintiffs hereby move that they be permitted to maintain their anonymity in their Complaint, unless and until this Court orders otherwise, in order to protect the anonymity of the minor child. The Plaintiffs further request that the Defendants be prohibited from revealing her identity to the public.

    RESPECTFULLY SUBMITTED,
Respectfully submitted,
The Plaintiffs
By their attorney,
/s/ Michael W. Turner Esq.
_____
Michael Turner, Esq
BBO #: 565820
242 Wareham Road
P.O. Box 910
Marion, MA 02578
Tel: (508) 748-2362
Fax: (508) 748-6836
Email  mturner@meganet.net