UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL  ACTION # 17-CV-11781DJC

_____
T. K. with and through her parents
G.K and V.K, Plaintiffs

V.

Town of Barnstable, Barnstable Public Schools,
Patrick Clark, Principal of the Barnstable
 High School, personally and in his
Official Capacity, Superintendent
Meg Mayo-Brown, personally and
in her official capacity, Defendants
_____


**First Amended Complaint and Demand for Jury Trial**


1.      This is an action seeking redress for violation of civil rights, and severe physical,

emotional and psychological harm caused by the named defendants both individually,

corporately, and in their professional official capacity. The defendants at all times acted

intentionally and/or with deliberate indifference in their failure to properly supervise and

oversee students, as well as their failure to properly investigate disclosures of T.K.'s significant

emotional injury, sexual assaults and rape by a known juvenile criminal on school property,

Falvio Desantos, raped and bullied T.K. and T.K. was harassed and bullied, by students, on a

regular basis while in 8th grade. The defendants further acted intentionally and/or with deliberate

indifference in their failure to properly and adequately respond to the disclosure of T.K.'s,

harassment, bullying, lack of services, and failure to provide services to her to address the

educational, social and emotional needs she suffered as a result of the defendants actions and

non-action to keep T. K. free from harm socially, emotionally, sexually and physically.

2.        The plaintiffs seek relief pursuant to 42 U.S.C. § 1983, 29 U.S.C. § 794,  Mass. Gen.

L. c. 12 § 11(I), 42 U.S.C. § 12131, 20 U.S.C. § 1681, Mass. Gen. L. c. 258 § 2, Mass. Gen. L.

c. 93 § 102, Mass. Gen. L. c. 214 § 1C, Massachusetts common law and the Constitutions of the

United States and the Commonwealth of Massachusetts.

## PARTIES

3.        The plaintiff, G.K, is an adult resident of Barnstable, Massachusetts. G.K. is the

Father of the minor T.K, and brings this action individually and as the next friend of T.K.

4.        The plaintiff, V.K., is an adult resident of Barnstable, Massachusetts. V.K is the

mother of the minor child, T.K, and brings this action individually and as the next friend of

T.K.

5.        During all relevant periods, the plaintiff, T.K. was a minor student attending the

Barnstable Public Schools and a resident of Barnstable, Massachusetts.

6.        The defendant, Barnstable School Committee ("the School Committee"), is the civil

entity responsible for operating and governing the public schools in the Barnstable District, T.K.

was a student during all or a portion of the times relevant to this action. The Barnstable School

District ("District") is a recipient of federal financial assistance, including federal financial

assistance provided to the District's schools and specialized education programs. The School

Committee operates in, Barnstable, Massachusetts and operates under color of state law and

federal law. Defendant School Committee, acting through its members, and through the

Superintendent of schools, and/or other agents, of the School Committee, personally participated

in and/or directed actions which they knew or reasonably should have known violated plaintiff's

constitutional, civil and personal rights.

7.       The defendant, the Town of Barnstable Massachusetts ("Barnstable"), is the civil entity that oversees the activities of the Barnstable School Committee. Barnstable is located in the Eastern District of Massachusetts, and operates under color of state law. Defendant, Barnstable, acting through its School Committee and through the Superintendent, and/or other agents of the School Committee, personally participate in and/or directed actions which they knew or reasonably should have known violated Plaintiff's constitutional and civil state and federal rights.

8.       The defendant, Superintendent, Meg Mayo-Brown is an adult residing in the Commonwealth of Massachusetts. She was and remains employed by Barnstable and the School Committee as the Superintendent of the Barnstable School District and, as such, operated under color of state law at all times relevant to this action. During the period pertinent to this Complaint, Defendant superintendent was acting within the scope of her authority as an employee of Barnstable and the School Committee. As Superintendent, Mayo-Brown  was the individual primarily responsible for and/or supervised others who were responsible for formulating and implementing policies and ensuring that the School Committee followed the law, including, but not limited to, equal access to education and equal treatment for all students, and was the ultimate authority and decision-maker of the School Committee. Superintendent, Mayo-Brown personally participated in and/or directed actions which she knew or reasonably should have known did violate T.K.'s rights under the United States Constitution and Massachusetts state law. She is being sued individually and in her official capacity as Superintendent of Schools.

9.      The defendant, Patrick Clark  is an adult residing in the Commonwealth of Massachusetts based upon reasonable belief,  he was and remains employed by Barnstable and the School Committee as the school principal of the Barnstable High School in the Barnstable School District and, as such,  responsible to oversee the welfare of students in the Barnstable High School and had immediate responsibility for the implementation of policies and procedures of the school, including ensuring that the Barnstable High School complied with legal requirements under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504") the American with Disabilities Act, MGLc71 s 370, MGLc. 71B, MGLc12 s111 and  State and Federal laws against Bulling and Abuse and is required to see that all students can reach their full potential pursuant to MGLc 69 Section1. As Principal, Clark has the personal responsibility and authority to oversee the welfare of students in his School and had immediate responsibility for the policies and procedures of the school. Clark did personally participate in and did direct actions intentionally that he knew, or reasonably should have known violated T.K.s and her family's rights under the United States Constitution, Federal Law and Massachusetts state law. Principal Clark is sued in both his individual and official capacities.

## JURISDICTION AND VENUE

10.         Jurisdiction of this court is invoked under the provisions of Sections 1331 and 1343(3) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States, Section 794 of Title 29 of the United States Code and Section 12132 of Title 42 of the United States Code.

11.        Pursuant to Section 1367(a) of Title 28, this court has pendant jurisdiction over

the plaintiffs' state law claims for violations of the Massachusetts Civil Rights Act, Mass.

Gen. L. c. 12 § 11(I), Mass. Gen. L. c. 258 § 2, and Mass. Gen. L. c. 231 § 85X.

12.        Venue properly lies in this judicial district pursuant to Section 1391 of Title 28

of The United States Code as the claims arose in this judicial district.

## STATEMENT OF FACTS

13.        Prior to the 2014-2015 school year, in the Barnstable Public Schools, the Barnstable

School Department did merge the Barnstable Public Schools, 8th grade, into the Barnstable High

School.

14.        T.K. entered her 8th grade school year, in September 2014, and did intermingle with

her classmates as well as with the older high school students.

15.        One of the older students T.K. did intermingle with was a 10th grade student by the

name of Falvio Desantos.

16.        Falvio Desantos had a long history of criminal behavior both in and out of school

and at the start of the 2014 school year was on criminal probation for his criminal behavior and

crimes.

17.        Given Falvio Desantos's  (Falvio) significant criminal history, school staff at

Barnstable High School, including Principal Patrick Clark were informed of Falvio's criminal

charges by the Barnstable High School's police officer Reid Hall on an ongoing basis and

school staff did attend various criminal juvenile hearings.

18.        Officer Reid Hall is and was assigned to Barnstable High School, by Barnstable

Police Department, where he was fully employed as the Barnstable high school Resource

Officer.

19.        Officer Reid Hall had and still has an office, in the Barnstable High School, so he

can talk and meet with students and staff during the school day on a full time basis.

20.        The Barnstable School Committee's School Administration and high school staff

chose to allow Falvio to stay, in Barnstable High School, and by doing so did knowingly

endanger the students attending Barnstable High School even though the Barnstable High

School staff had the authority and ability to place Falvio in an alternative school program away

from the Barnstable's Public Schools.

21.        T.K. was 13 years old and a very pretty young lady, at the start of her 8th grade year,

and stood out given her sweet behavior and very good appearances.

22.        On or about November 1, 2014, T.K. was raped by Falvio at the high school.

23.        As T.K. was a standout young lady, Falvio took immediate notice of T.K. as did

other older students.

24.        The rape of T.K. by Falvio took place, in a stairwell, in the Barnstable High School,

where it could not be observed by other students.

25.        Falvio did drug T.K. at the time of the rape and the sexual assaulted and the rape

lasted for an extended period of time.

26.     The rape of T.K. by Falvio did cause T.K. severe emotional trauma on an ongoing basis, during the 2014- 2015 school year.

27.     T.K. had an immediate change in behavior due to the emotional trauma of the rape and started to cut herself daily.

28.     Given the immediate change in behavior, T.K. was pressed by her girlfriends as what was happened that caused T.K.'s emotional and behavioral changes.

29.     Given T.K.'s emotional trauma, Falvio continued to press T.K. for sex and did force her to take drugs to which she became addicted, to her ongoing detriment.

30.     Falvio was a known drug dealer to the Barnstable High School staff and police department and regularly sold drugs in the high school.

31.     Barnstable Public School's records show that T.K. had school attendance issues at an increasing rate while in 8th grade as well as an increasing bad behavior due to T.K.'s trauma, fear of other students, including Falvio, and her trauma of how she was being perceived by school staff and students.

32.     Due to the trauma suffered by the rape and harassment, T.K. started to use alcohol and marijuana daily during her 8th grade year both in and out of school.

33.     Principal Clark was fully aware of Falvio's actions, behaviors, and drug dealing criminal acts and was personally responsible for Falvio's attendance in the Barnstable High School.

34.      T.K was regularly bulled on an ongoing basis, by high school students, slapped by

girls students, and had various items stolen including her shoes by girls, who grabbed them off

her feet, due to T.K.'s severe change in emotion, behavior, and the loss of her sweet personality.

35.      The Barnstable High School administration and Barnstable police officer Reid Hall,

never reported any of the criminal actions inflicted upon T.K. by any student to cause a criminal

charge to be pressed against any person including but not limited to Falvio Desantos.

36.      T.K.'s parents, G.K. and V.K., worked together in the hair salon business and owned

a business in Boston and in Hyannis, at the start of the 2014 school year.

37.      Given the ongoing and increasing emotional and behavior issues that T.K. was

having during her 2014-2015 school year, G.K. and V.K. had to leave work early to try to deal

with T.K.'s increasingly emotional problems and dysfunction.

38.      The parents of T.K. were called by T.K.'s high school house master, Melissa Collins,

who during the Spring of 2015 school year, informed T.K's parents of the incidents with Falvio

and the other students and that she had attended various school meetings regarding T.K.

39.      Officer Reed Hall, after the meeting, T.K.'s parents had with Melissa Collins, set up

a specialized interview with T.K. regarding her rapes and emotional issues at the Barnstable

County Juvenile Center, in Barnstable.

40.      The specialized interview at the Barnstable County Juvenile Center in Barnstable,

T.K. could not open up about the causes of the trauma and cried to the interviewer but would

not articulate about the trauma she was suffering.

41.     Given the disclosure originally to Melissa Collins, the parents of T.K. regularly called school staff, during the spring of 2016, as to T.K.'s behavior and their concerns for T.K.'s trauma and needs.  The parents called the vice principal, Melissa Collins, and Kari Hoffman, the high school special education coordinator.

42.     Any claim that Barnstable School Administrators did not have actual knowledge of the issues and needs of T.K. is clear error as the sexual assaults upon T.K. were reported to school staff by students and staff as T.K. was emotionally dysfunctional.

43.     T.K. was kept in the Barnstable High School, for the balance of her 8th grade year, where she suffered ongoing harassment and intimidation from her classmates as the rape and drug inducement became well known to the whole student body.  Barnstable provided no safety net for T.K. or a comprehensive treatment plan of her rapes at the high school by the known sex offender Falvio Desantos.

44.     Principal Clark was fully aware of the incidents involving T.K. and Falvio as well as T.K.'s ongoing harassment by classmates and other students and as school principal had full and complete authority to keep T.K. safe but did nothing to keep T.K. safe and free from sexual propositions, name calling, and rejections which did occur in school and via social media, in person, and via cell phone.

45.     School records and family reports from T.A.'s eight grade identified an observable shift in T.A.'s hyper focus on social interactions peer dynamics which began to severely impact her ability to progress academically.

46.      School records also show declining attendance and severe conduct issues starting in the 8th grade through the end of the school year due to T.A.'s trauma, fear of the other students and the perpetrator of the rape and how she was being perceived by school staff and students.

47.      At the end of 8th grade, at a school "team" meeting, the parents requested a summer program and support for T.A. but were denied their request which forced the parents to keep T.K. with them at work as well as in their physical custody 24 hours a day due to her sever drug and emotional issues.

49.      Given the emotional trauma and behaviors escalations of T.K., the parents went to the Barnstable School District administration, on numerous occasions, seeking services which they were denied however during the 9th grade year, Barnstable did place T.A. in a day program for behavior disturbed and academically impaired children in Plymouth, the Plymouth Area Collaborative.

50.      The Plymouth Area Collaborative has no services or programs past 2:30 in the afternoon Monday through Friday therefore there was no support or help available to T.A., after 2:30, and she did continue to spiral down emotionally.

51.      Due to the ongoing trauma, T.A. did poorly at Pilgrim Academy and continued to run and use drugs which Barnstable was aware of but did nothing to support or assist T.A.

52.      G.K. and V.K., for the school year 2016-2017, the parents were forced to leave work early to be home when T.K. did arrive home daily at 3:00 approximately, to keep her safe, as Barnstable refused to provide any services after 2:30 on school days.

53.      The lack of services and T.K.'s continued decline forced the parents to seek other options.

54.     The parents went to juvenile court, in Barnstable, and filed a CRAWL previously called a

CHINS seeking help and due to the severity of  T.K.'s issues and Barnstable Juvenile Court

placed her at GRACE House, a 90 day drug treatment center immediately.

55.     T.K. completed the 90 day residential drug treatment program, at Grace House, and

Grace House provided a written recommendation along with T.K.'s personal therapist that she

have a residential therapeutic program due to her multi-level issues but Barnstable refused any

residential placement and did no evaluation themselves.

56.     Given Barnstable's refusal to provide the required 24 hour services and that T.K. was

dumped, at her parent's home, hours before the parents could be home from work, Barnstable

knowingly endangering T.K. was left alone for some 5 hours daily and Barnstable did nothing to

treat her severe trauma.  Given the lack of services, the family filed a for a hearing, at the  BSEA,

seeking a residential therapeutic program.

57.     On or about October 10, 2016, the Barnstable School System agreed to an evaluation at

the Dr. Franklin Perkins School (Perkins) which is a therapeutic residential program.

58.     A Team meeting was held, at Perkins School, on March 30, 2017, to review the results of

the extended evaluations. The results of the evaluation and T.K.'s placement, at Perkins, were

the clear basis for resolution of the parent's issues presented before the BSEA and did provide

for the withdrawal of the BSEA Hearing Request.

59.     The programs, at Perkins, did provide for substantial improvement in T.K.'s severe

emotional trauma and did allow for T.K.'s return home, in the early summer of 2017.

60.     As it was the parent's position given the recommendations of various service providers,

not to send T.K. back to Barnstable, given her severe trauma suffered, in Barnstable High

School, the Barnstable School Department sought out and found that the Monamoy Regional

High School, in Harwich, would accept T.K.

61.     The acceptance of T.K., at Monamoy, took considerable work and interviews of T.K. so

she could start, at Monamoy in September of 2017 where she is doing well.

62.     It is clear that when Barnstable learned of the rape and emotional trauma of T.K, the

District failed in their mandated duty, under MGL c. 71B, to assess the effects of this injury on

T.K.'s academic, social, and emotional functioning as it was clear from T.K.'s lack of ability to

attend school and function and that the injury was affecting her ability to function in the regular

school setting.  The District failed to put in place any services to deal with the clear effects of

T.A.'s injury even when requested by her treating psychologist and parents.  The District for the

balance of 2014 school year ignored her needs to T.K.'s detriment.  The District clearly

displayed ongoing deliberate indifference, animus, gross misjudgment, and lack of concern for

T.A.'s well-being.  A school district, in Massachusetts, owes the student under their care an

absolute duty to provide all children an education so they have the ability to reach their full

potential but clearly Barnstable ignored that duty as to T.K. and her detriment.

63.     It is clear that the District's actions and non-actions have caused not only the initial injury

to T.K by keeping Falvio in the Barnstable High school, but almost every day of every week

since then the District's failure have injured T.K. and denied her access to FAPE pursuant to the

IDEA, MGL c. 71B, MGL c. 69s1, ABA, 29 USC 794, 603 CMR 49, MGLc. 71 s 370.  The

District's staff, by their failures, continually put T.K. in danger and jeopardy while attending

Barnstable. This is compounded by the Districts failure to properly notify the Barnstable Police

Department of the numerous violations of the criminal code by the aggressor, Falvio, who raped

T.K. These actions and non-actions clearly violated the Town of Barnstable own "Bullying Plan"

and criminal law which did severely endanger T.K and other children.

64.     The neglect of T.K., by the District staff, has caused her to suffer severe emotional distress and trauma as well as physical distress.  The damages which T.K. has suffered are the direct and proximate result of actions and inactions of the Town of Barnstable,  and Barnstable Public Schools, High School Principal and school staff, by their failure to supervise or negligent supervision of school staff and students and for their knowing acceptance and allowing the ongoing harassment, bullying, assaulting, and beating and rape of T.K., their knowingly institution of a grossly negligent and ineffective education for T.K., and the arbitrary, capricious removal of programs and services to which T.K was entitled to her detriment.

65.     The parents of T.K., as a result of the mistreatment of their daughter, lack of proper services and protections for their daughter, and their ongoing struggle with the District and staff to put even the basic protections and services in place has caused them to suffer emotional and financial distress, costing them thousands of dollars, in medical and educational services, which were required for T.K. and did cause them to lose their Boston office and  to file for bankruptcy. Further, these acts of discrimination are a clear violation of the rights of individuals with disabilities under the Massachusetts Law and Federal law.

66.      The Defendants, based on their actions and non –actions, were clearly arbitrary and capricious that extends beyond mere violations of the state law and were egregious and extreme as not only the services owed to the plaintiff but to all children under their authority.

67.     The Barnstable School Committee's obligations to provide all children, in Barnstable, as  Reflected, by state law and regulations, where students can meet their potential, in violation of M.G.L. c. 69, Section 1, academically, and emotionally based on Barnstable's actions and non-actions, clearly do not apply to students with  disabilities  needs as such are selectively

discriminated against by the Barnstable Public is constitutionally impermissible.

68.     The actions and non-actions of the Barnstable Public School's conduct was knowingly

extreme and  outrageous as to the treatment of  T.K. and her parents, and did inflict emotional

distress, trauma and financial loss and should have known or intended, or knew that their

conduct would  cause emotional distress, and that their conduct caused emotional distress to the

detriment of T.K. and her parents.

69.     T.K. was clearly subject to severe pervasive and objectively offensive sexual harassment

and assaults, by a school peer, as such the rape and sexual assaults, harassment, intimidations

and trauma deprived, T.K, of educational benefits and opportunity while, in her 8th grade, and

Defendants, knew of the acts of Falvio Desantos, and other students upon T.K. which took

place, at Barnstable High School, and it is clear that named Defendants were deliberately

indifferent to the sexual assault, harassment, and emotional trauma suffered by T.K. such that

Defendants lack of response to the trauma and rape suffered by T.K. was clearly unreasonable in

 light of the known circumstances.

## COUNT  I
## VIOLATION  OF  TITLE  IX 20 USC Section 1681
### Against all Defendants in their official capacities

70.     The plaintiff incorporates each and every allegation and averment set forth in paragraphs

1 through 69 as fully set forth herein.

71.     Under Title IX and 34 C.F.R. 106.8 public schools must "adopt and publish grievance

procedures providing for prompt and equitable resolution of students and employee complaints

alleging any action which would be prohibited by this part"

72.     On or about November 2014, the Barnstable public schools and the town of Barnstable by and through its employees and agents and all departments new that T.K. was raped and assaulted in the Barnstable high school by Falvio Desantos an known criminal.

73.     During the 2014- 2015 school year, all defendants, in town of Barnstable learned that Falvio Desantos on multiple occasions sexually harassed, intimidated, introduced drug use, humiliated T.K. in the Barnstable high school on an ongoing and regular basis.

74.     The sexual harassment perpetrated on T.K. by Falvio Desantos was severe, pervasive and objectively offensive and caused T.K. to be deprived of educational opportunities and/or benefits.

75.     Defendants, in their official capacities, in violation of Title IX, 20 USC Section 1681 remained deliberately indifferent to the rape, sexual assaults, intimidation, emotional trauma, and psychological trauma as a direct and proximate result of such violations.  Such actions and non actions did act far outside the known and required practices mandated by the United States Office for civil Rights.

76.     The defendants, town of Barnstable and the Barnstable public schools failed to remove Falvio Desantos, from the high school, and/or failed to limit his ability to interact with T.K; failed to adequately supervise Falvio Desantos; failed to adequately monitor Falvio Desantos; and failed to initiate any reasonable measures to protect T.K. from Falvio Desantos.

77.     As a direct and proximate result of such violation, the Defendants acted with deliberate indifference to the harassment, sexual assaults, intimidation, such that it's lack of response was clearly unreasonable in light of the known circumstances and did cause T.K. physical injuries, indignities, humiliations, severe emotional distress, mental anguish, and invasion of body integrity.

78.     The Defendants left T.K. vulnerable for further sexual exploitation, harassment, intimidation, embarrassment and was a direct and proximate cause of the subsequent acts of sexual assault, intimidation, harassment and embarrassment committed by Falvio Desantos upon T.K.

**COUNT  II -Negligence**
**As To All Named Defendants**

79.     The plaintiffs incorporate each and every allegation and averment set forth herein paragraphs 1 through 78 of this complaint as though fully set forth herein.

80.     The defendants town of Barnstable and the Barnstable public schools and school staff did have a duty to exercise reasonable care to protect students including T.K. while attend the Barnstable high school and other in school sponsored programs and facilities.

81.     By having a public school district in the town of Barnstable and in creating a high school and therefore accepting valuable consideration from the taxpayers the town of Barnstable public schools and the town of Barnstable and  school staff  assume the duty to exercise care and to protect Barnstable Public school students from harm including T.K.

82.     During the 2014 – 2015 school year, Defendants  the Town of Barnstable and the Barnstable public schools and school staff  breached their duty of care to protect T.K. from harm including but not limited to, failed to supervise students with a known criminal history while in the public school district; failed to provide sufficient staff members to adequately supervise students with a known criminal history while in the public school system, failing to establish sufficient safeguards to prevent sexual harassment within the public school system that he knew or should have known was occurring, failing to effectively reasonably supervise Falvio Desantos to ensure that he would not have access to T.A. or other students.

83.     As a direct and proximate result of the town of Barnstable and the Barnstable public

schools negligence T.K. and her parents suffered severe emotional distress.

**COUNT  III**
**NEGLIGENCE**
Defendants Patrick Clark and Meg Mayo-Brown

84.     The plaintiffs incorporate each and every allegation and averment set forth herein

paragraphs 1 through 83 of this complaint as though fully set forth herein.

85.     The defendants Patrick Clark and Meg Mayo-Brown did have a duty to exercise

reasonable care to protect students including T.K. which attend the Barnstable high school and

school facilities.

86     Patrick Clark and Meg Mayo-Brown as public school employees assume the duty to

exercise care and to protect students from foreseeable harm including T.K.

87.     T.K.'s 8th grade school year, Defendants, Patrick Clark and Meg Mayo-Brown breached

their duty of care to protect T.K. from harm with its breaches including but not limited to, failed

to supervise students with a known criminal history while in the public school district; failed to

provide sufficient staff members to adequately supervise students with a known criminal history

while in the public school system, failing to establish sufficient safeguards to prevent sexual

harassment within the public school system they knew or should have known was occurring,

failing to effectively reasonably supervise Falvio Desantos to ensure that he would not have

improper or criminal access to T.A. or other students.

88.     As a direct and proximate result of the Patrick Clark and Meg Mayo-Brown negligence

T.K. and her parents suffered severe emotional distress and trauma which still affects the

plaintiffs to this day.

**COUNT  IV**
**Violation of 29 USC section 794**
**Town of Barnstable, Barnstable Public Schools, Patrick Clark and Meg Mayo-Brown**

89.     The plaintiffs incorporate each and every allegation and averment set forth herein

paragraphs 1 through 88 of this complaint as though fully set forth herein.

90.     At all times relevant to this complaint the plaintiff T.K. was a handicapped person due to

the emotional trauma and distress, rape, student harassment and was qualified to complete her

education requirements and participate in the high school with reasonable accommodations and

supports had such supports ben provided in a prompt and appropriate manner.

91.     Defendants intentionally failed to provide T.K. with reasonable accommodations for her

emotional handicaps and trauma suffered by the rape by Falvio and harassment by other students

which she was legally entitled to while she was attending Barnstable high school.

92.     As a direct and proximate result of the failure of the defendants to provide her with

reasonable accommodations and supports, during her 8th grade year,  to which she was legally

entitled to the plaintiff T.K. was denied the benefits of and subjected to discrimination under the

defendants educational program by reason of her handicap created by the horrific sexual assaults

and emotional trauma, pecuniary losses, severe emotional distress, mental anguish, loss of

enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries.

**COUNT  V**
**Violation of  42 USC section 12131 as to all Defendants**

93.     The plaintiffs incorporate each and every allegation and averment set forth herein

paragraphs 1 through 92 of this complaint as though fully set forth herein.

94.     At all times relevant to this complaint the plaintiff T.K. was a handicapped person due to the emotional trauma and distress and was qualified to complete her education requirements and participate in the high school with reasonable accommodations and supports.

95.     Defendants intentionally failed to provide T.K. necessary therapy, supports, accommodations, safety, and a proper education during T.K.'s 8th grade and first half of her 9th grade school year.

96.     As a result of the failure of the defendants to provide her with reasonable accommodations and supports to which she was legally entitled to, the plaintiff T.K., was denied the benefits of and subjected to discrimination under the defendants educational program by reason of her handicap created by the horrific rape, sexual assaults, and emotional trauma T.K. and her parents have suffered.

97.     The plaintiff's exclusion, denial of benefits, and or discrimination by the defendants was by reason of the defendant's gross negligence while in Barnstable high school.

98.     As a direct and proximate result of the defendant's conduct the plaintiffs have suffered severe emotional distress, mental anguish, loss of enjoyment of life, loss of dignity and other nonpecuniary losses and intangible injuries.

## COUNT  VI
## Violation of  42 USC section 1983 as to all Defendants

99.     The plaintiffs incorporate each and every allegation and averment set forth herein paragraphs 1 through 98 of this complaint as though fully set forth herein.

100.    The defendant T.K. has a constitutional right to the equal protection clause of the 14th amendment to be free from discrimination, sexual harassment, intimidation and sexual assaults based on her gender.

101.     The defendants acting under color of law subjected the plaintiff T.K. to unwelcome and offensive sexual advances, intimidation's, assaults, harassment by a known juvenile criminal.

102.     The defendants acted with deliberate indifference and gross negligence in failing to supervise students and Falvio.

103.     As a result of the defendant's actions and non-actions the plaintiffs suffered severe emotional distress, mental anguish, loss of dignity, intangible injuries, culinary losses, and other nonpecuniary losses.

104.     T.K. has been deprived by defendants under color of laws of the rights and privileges and immunities secured by the constitution and laws of the United States of America including the right to be free from intrusion into her bodily integrity and to receive a public education.


**COUNT  VII**
**Intentional Infliction of Emotional Distress as to All Defendants**

105.     The plaintiffs incorporate each and every allegation and averment set forth herein paragraphs 1 through 104 of this complaint as though fully set forth herein.

106.     As a direct and proximate result of the gross and outrageous conduct of the defendants the plaintiffs named herein suffered severe emotional distress and other injuries that the defendants knew or should have known would be and was likely the result of their actions.

107.     The emotional distress suffered by the plaintiffs named herein with severe and of a nature that no other reasonable person could be expected to endure.

## COUNT  VIII
## Intentional Negligent Infliction of Emotional Distress as to All Defendants

108.    The plaintiffs incorporate each and every allegation and averment set forth herein paragraphs 1 through 107 of this complaint as though fully set forth herein.

109.    As a direct and proximate result of the defendant's extreme and outrageous conduct and negligence, the plaintiffs did suffer severe emotional distress and other injuries is evidenced by their behavior, complaints and objective symptomology that the Defendants knew or should have known would be and was likely a result of their actions.

110.    Any reasonable person would have suffered severe emotional distress and trauma under the circumstances named herein.

## COUNT  IV
## Negligence under   MGL. C. 258. Section 2- As to all Defendants

111.    The plaintiffs incorporate each and every allegation and averment set forth herein paragraphs 1 through 110 of this complaint as though fully set forth herein.

112.    The named defendants owed a duty to exercise reasonable care for the protection of T.K. against misconduct and inappropriate conduct and or contact by a known criminal student.

113.    The named defendants breached that duty by facilitating and failing to prevent misconduct in inappropriate conduct and or contact in the form of hazing, sexual assault, rape, and intimidation that they knew or should have known was occurring or would occur given Falvio's criminal history and behaviors.

114.    By their actions and inactions defendants caused T.K. to be subject to the rape, harassment, sexual assaults and intimidation as described above.

115 .    As a direct and proximate result of the defendant's gross negligence, the plaintiffs

suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish,

and invasion of bodily integrity.

### REQUESTED  RELIEF

WHEREFORE the plaintiffs claim judgment against the named defendants and each of

them jointly and severally as follows:

A.  Compensatory damages in the amount warranted by the evidence at trial;

B.  Punitive damages in the amount warranted by the evidence at trial;

C.  Reasonable attorney's fees and costs incurred in this action;

D.  Such other relief as permitted by statute and as this Court shall consider to be fair and

   equitable.

### JURY  DEMAND

The parties hereby demand a jury on all claims and issues so triable.


Respectfully Submitted,

Plaintiffs, T.K. and G.K., and V.K.

By Their Attorney

s/s  Michael W. Turner
Michael W. Turner BBO #565820
242 Wareham Road
P.O.  Box 910
Marion Ma.02738
508-748-2362
Fax 508-748-8636


DATED:  5/21/2018

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered participants on May 21, 2018

/s/ Michael W. Turner
Michael W. Turner