UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| T.K. with and through her parents, G.K. and V.K., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 17-cv-11781-DJC |
| BARNSTABLE PUBLIC SCHOOLS, | ) ) | |
| Defendant. | ) ) | |

**BARNSTABLE PUBLIC SCHOOLS' ANSWER TO SECOND
AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Barnstable Public Schools ("BPS") hereby answers the correspondingly-titled sections and numbered paragraphs of the Second Amended Complaint and Demand for Jury Trial (Doc. 38) ("Complaint") as follows:

1.     Paragraph 1 contains introductory statements and conclusions of law to which no response is required.  To the extent that a response is required, BPS admits that Plaintiffs purport to bring suit for the reasons stated and denies Plaintiffs' factual bases and any and all liability therefore.  BPS denies all remaining allegations of paragraph 1.

2.     BPS admits that Plaintiffs purport to "seek relief pursuant to Title IX" and denies any and all liability therefore.

**PARTIES**

3.     Upon information and belief, BPS admits the allegations of paragraph 3.

4.     Upon information and belief, BPS admits the allegations of paragraph 4.

5.     BPS admits that T.K. was a Barnstable resident and BPS student and denies the remaining allegations of paragraph 5.

6. BPS admits that T.K. was a BPS student and that it receives federal funding. BPS denies all remaining allegations of paragraph 6.

## JURISDICTION AND VENUE

7. Paragraph 7 contains conclusions of law to which no response is required.

8. Paragraph 8 contains conclusions of law to which no response is required.

## STATEMENT OF FACTS

9. BPS denies the allegations of paragraph 9.

10. BPS admits that T.K. started her 8th grade year in September 2014 and denies the remaining allegations of paragraph 10.

11. BPS denies the allegations of paragraph 11.

12. BPS denies the allegations of paragraph 12.

13. BPS denies the allegations of paragraph 13.

14. BPS denies the allegations of paragraph 14.

15. BPS admits the allegations of paragraph 15.

16. BPS denies the allegations of paragraph 16.

17. BPS admits T.K. was 13 years old in September 2014 and denies the remaining allegations of paragraph 17.

18. BPS denies the allegations of paragraph 18.

19. BPS denies the allegations of paragraph 19.

20. BPS denies the allegations of paragraph 20.

21. BPS denies the allegations of paragraph 21.

22. BPS denies the allegations of paragraph 22.

23. BPS denies the allegations of paragraph 23.

24. BPS denies the allegations of paragraph 24.

25. BPS denies the allegations of paragraph 25.

26. BPS denies the allegations of paragraph 26.

27. BPS denies the allegations of paragraph 27.

28. BPS denies the allegations of paragraph 28.

29. BPS denies the allegations of paragraph 29.

30. BPS denies the allegations of paragraph 30.

31. Upon information and belief, BPS admits the allegations of paragraph 31.

32. BPS admits that Melissa Collins had various meeting with T.K.'s parents and denies the remaining allegations of paragraph 32.

33. BPS denies the allegations of paragraph 33.

34. BPS admits that it recommended that T.K. be interviewed at Children's Cove and denies the remaining allegations of paragraph 34.

35. BPS denies the allegations of paragraph 35.

36. BPS denies the allegations of paragraph 36.

37. BPS denies the allegations of paragraph 37.

38. BPS denies the allegations of paragraph 38.

39. BPS denies the allegations of paragraph 39.

40. BPS denies the allegations of paragraph 40.

41. As the Complaint contains no paragraph 41, no response is required.

42. BPS denies the allegations of paragraph 42.

43. BPS denies the allegations of paragraph 43.

44. BPS admits that it held a TEAM meeting at the end of T.K.'s 8th grade year and denies the remaining allegations of paragraph 44.

45. BPS admits that T.K.'s parents accepted her placement at Plymouth Area Collaborative and denies the remaining allegations of paragraph 45.

46. BPS denies the allegations of paragraph 46.

47. BPS denies the allegations of paragraph 47.

48. BPS denies the allegations of paragraph 48.

49. BPS denies the allegations of paragraph 49.

50-52. As the Complaint contains no paragraphs 50-52, no response is required.

53. BPS denies the allegations of paragraph 53.

54. Upon information and belief, BPS admits that T.K.'s parents sought the intervention of the Barnstable Juvenile Court regarding T.K. and denies the remaining allegations of paragraph 54.

55. Upon information and belief, BPS admits that T.K. received drug treatment and denies the remaining allegations of paragraph 55.

56. BPS denies the allegations of paragraph 56.

57. BPS admits the allegations of paragraph 57.

58. BPS admits a TEAM meeting was held on or about March 30, 2017, that T.K. was placed at Perkins School and that T.K.'s parents settled all special education issues it had with BPS. BPS denies the remaining allegations of paragraph 58.

59. Upon information and belief, BPS admits that T.K. attended Perkins School and denies all remaining allegations of paragraph 59.

60. BPS admits that it worked to get T.K. admitted to Monamoy Regional High School and denies the remaining allegations of paragraph 60.

61. Upon information and belief, BPS admits the allegations of paragraph 61.

62. BPS denies the allegations of paragraph 62.

63. As the Complaint contains no paragraph 63, no response is required.

64. BPS denies the allegations of paragraph 64.

65. BPS denies the allegations of paragraph 65.

66. BPS denies the allegations of paragraph 66.

67. As the Complaint contains no paragraph 67, no response is required.

68. BPS denies the allegations of paragraph 68.

69. BPS denies the allegations of paragraph 69.

<u>Count I</u>
<u>VIOLATION OF TITLE IX, 20 USC Section 1681 [sic]</u>
Against the Barnstable Public Schools

70. In response to the allegations of paragraph 70, BPS repeats and incorporates by reference its responses to Complaint paragraphs 1 through 69.

71. Paragraph 71 states legal conclusions to which no response is required.

72. BPS denies the allegations of paragraph 72.

73. BPS denies the allegations of paragraph 73.

74. BPS denies the allegations of paragraph 74.

75. BPS denies the allegations of paragraph 75.

76. BPS denies the allegations of paragraph 76.

77. BPS denies the allegations of paragraph 77.

78. BPS denies the allegations of paragraph 78.

79. BPS denies the allegations of paragraph 79.

## REQUESTED RELIEF

BPS denies that Plaintiffs are entitled to any of the relief sought in the Complaint's "REQUESTED RELIEF" section.

## JURY DEMAND

BPS denies that Plaintiffs are entitled to a jury trial of this matter.

Unless expressly admitted, BPS denies each and every allegation contained in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to satisfy the applicable administrative prerequisites to their claim.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred because BPS acted in conformity with reasonable standards of professional conduct in existence at that time.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred in whole or in part by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

BPS's actions and/or inactions were not the proximate cause of T.K.'s alleged injuries, barring all recovery under the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred under the doctrines of waiver, laches, estoppel and/or equitable estoppel.

BPS specifically reserves the right to amend, supplement and/or add to these affirmative defenses as such defenses become apparent.

WHEREFORE, BPS requests that this Court dismiss the Complaint with prejudice in its entirety and that it be awarded its costs and attorneys' fees.

Respectfully submitted,

BARNSTABLE PUBLIC SCHOOLS,

By its attorneys,

/s/John M. Simon
John M. Simon (BBO #645557)
Stoneman, Chandler & Miller LLP
99 High Street
Boston, MA 02110
(617) 542-6789

Dated:  November  19, 2018

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered participants on November 19, 2018.

/s/John M. Simon
John M. Simon